IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20567
(Summary Calendar)
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ANTONIO GONZALEZ, also
known as Tony Gonzalez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-98-CR-122-1)
--------------------
April 17, 2000

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Antonio Gonzalez appeals his jury-trial conviction for possession of, and aiding and abetting possession of, cocaine with intent to distribute. Gonzalez argues that (1) the district court abused its discretion in admitting improper "other acts" evidence, including evidence that he was involved in prior drug transactions; (2) he was given inadequate notice of the government's intent to use such evidence; and (3) the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court abused its discretion in admitting a post-arrest statement that was more prejudicial than probative.

Assuming without deciding that the other acts evidence was extrinsic to the instant offense, the evidence was nonetheless admissible. At issue in the trial was whether Gonzalez knew that a bag he transported contained cocaine. The evidence in question was admissible to prove Gonzalez's intent or absence of mistake, or both. See FED. R. EVID. 404(b); See United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (*en banc*). We conclude, under all the circumstances of this case, including a late plea by the testifying co-defendant, additionally that the district court did not abuse its discretion in holding that the notice provided by the government of its intent to use the Rule 404(b) evidence was reasonable. And we are convinced that Gonzalez's post-arrest statement was probative of Gonzalez's consciousness of guilt and that its probative value was not outweighed by any prejudicial effect. See FED. R. EVID. 403.

AFFIRMED.